FRED McCASLAND v. THE STATE.

No. 12282.   Delivered February 20, 1929.

The opinion states the case.

*Kirby, King & Overshiner* of Abilene, for appellant.   On argument of counsel, and instructions not to consider, appellant cites: Hunt v. State, 28 Tex. Crim. App. 149; Wilkins v. State, 33 Tex. Crim. Rep. 320; Brazelle v.  State, 33 Tex. Crim. Rep. 333; Hawkins v. State, 39 Tex. Crim. Rep. 261; Brown v. State, 57 Tex. Crim. Rep. 269; Green v. State, 83 Tex. Crim. Rep. 68; Adams v. State, 87 Tex. Crim. Rep. 67.

*A. A. Dawson* of Canton, State's Attorney for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

It is to be regretted that necessity exists for reversing this case upon errors arising from the argument of the prosecution. Two bills of exception appear in the record without any explanation or qualification. The first of these two bills sets out that the county attorney in his opening argument to the jury said:

"Roy Swann testified that he bought whiskey from Fred Mc-Casland and there is no one here to dispute it."

In the second of said bills it is set out that the district attorney in his closing argument to the jury said:

"Roy Swann testified that he bought the whiskey from the defendant. There is no one here to contradict the witness, Roy Swann."

These bills further set out that appellant did not take the stand and testify; that no witness was present at the alleged sale or testified regarding the fact that appellant did sell to Swann intoxicating liquor, save Roy Swann himself. They further reveal that special charges were given regarding each argument, instructing the jury not to consider same. Notwithstanding such charges, we are constrained to hold the fact of such statement in argument to require a reversal of this case. No one is shown to have been present at the time of said alleged sale. A witness testified that he was within sight, and could see motions, but could not tell what was said. Our statute plainly forbids comments upon the failure of a defendant to testify, and we have often had occasion to condemn remarks made by prosecuting officers, whose necessary implication was that by same the jury's attention was called to the fact that the defendant had not testified. Adams v. State, 87 Cr. 67; Young v. State, 92 Cr. 277 and authorities cited. We know of no way to stop the practice of making such remarks, and are compelled to reverse cases and have them re-tried at the expense of the State, which reversals could have been avoided by the refraining from such arguments. It seems sometimes as though the prosecuting attorneys endeavor to see how closely they can edge up to saying something that ought not be said, and still try to stay within the rules. Our observation is that there are always enough facts in any trial to furnish basis for legitimate argument, and if there be not such facts, then certainly a conviction ought not to be obtained by argument that is not legitimate.

For the error of the argument referred to, this judgment is reversed and the cause remanded.

*Reversed and remanded.*